UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEBORAH A. GLOVER,** *Plaintiff,* v. **FEIN, SUCH, KAHN & SHEPARD, P.C.,** *et al.*, *Defendants.* | Civil Action No. 23-cv-22282 (MEF) (CLW) OPINION |

**CATHY L. WALDOR, U.S.M.J.**

I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for reconsideration, (the "Motion," ECF No. 32), of the Court's July 24, 2024 Opinion, (ECF No. 26), and Order, (ECF No. 27), granting defendant North American Recovery, Inc.'s ("NAR") motion to compel arbitration and staying the matter until resolution of the arbitration proceedings. Plaintiff does not challenge the Court's decision regarding enforcement of the arbitration as to NAR. Rather, she argues that the Order should be limited to NAR because arbitration is not applicable to defendant Fein, Such, Kahn & Shepard, P.C. ("FSKS," and together with NAR, "Defendants"), and that the Court should lift its stay on the matter so that the case against FSKS may proceed while the arbitration with NAR is ongoing. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter, Plaintiff's Motion is resolved as set forth below.

## II.   BACKGROUND

The Court assumes familiarity with the facts and procedural history underlying this matter – discussed in full in the Court's Opinion – and therefore will not recite them at length here. Briefly stated, in 2014 Merrick Bank issued Plaintiff a credit card, upon which Plaintiff later defaulted. Merrick Bank assigned Plaintiff's account to NAR, a collection agency, who obtained a default judgment against Plaintiff. The present action centers on the allegation that Defendants in October 2022 sent Plaintiff a letter purporting to collect the same debt that had already been paid through satisfaction of the default judgment. NAR filed a motion to compel arbitration on December 29, 2023. (ECF No. 6). The Court granted the motion on July 24, 2024, and stayed the matter pending resolution of the arbitration proceedings.

On August 21, 2024, Plaintiff filed the Motion at hand, seeking reconsideration, or alternatively, clarification, about the applicability of the Order as to FSKS. Plaintiff argues that the Order should not apply to FSKS because FSKS did not move to compel arbitration or join NAR's motion, and thus the Court should lift its stay on the matter so that the case against FSKS can proceed. NAR filed an opposition, (ECF No. 35), and FSKS filed a letter memorandum concurring with NAR's opposition and submitting that the claims against NAR and FSKS should be arbitrated together to prevent the risk of inconsistent results. (ECF No. 36).

## III.   LEGAL STANDARD

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-cv-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)). Local Civil Rule 7.1(i) requires that the party moving for reconsideration set forth "the matter or controlling decisions which the party believes the Judge has overlooked." Accordingly, there are

three grounds for relief on a motion for reconsideration: "'(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.'" *Id*. (citing *Database Am., Inc. v. Bellsouth Adver. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere disagreement with the Court's decision does not suffice." *ABS Brokerage Servs., LLC v. Penson Fin. Servs.*, No. 09-cv-4590 (DRD), 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (quoting P. *Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)). A party seeking reconsideration thus faces a "high burden." *Id*. at *5.

A motion for reconsideration is "not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Shanahan v. Diocese of Camden*, No. 12-cv-2898 (NLH), 2014 WL 1217859, at *2 (D.N.J. Mar. 21, 2014) (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001)) (emphasis removed). Litigants likewise "cannot use a motion for reconsideration to rehash issues and arguments that have been ruled upon." *Kahan v. Slippery Rock Univ. of Pa.*, No. 12-cv-407 (JFC), 2014 WL 7015735, at *32 (W.D. Pa. Dec. 11, 2014) (citing *Keyes v. National R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. Apr. 4, 1991)). Instead, and "as the language of Rule 7.1(i) implies, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Shanahan*, 2014 WL 1217859, at *6 (quoting *A & L Indus., Inc. v. P. Cipollini, Inc.*, No. 12-cv-7598 (SRC), 2013 WL 6145766, *1 (D.N.J. Nov. 21, 2013)) (cleaned up).

## IV. ANALYSIS

The Court is not persuaded that it committed any clear errors of law or fact to substantiate reconsideration of its Order staying the matter pending resolution of the arbitration proceedings. Plaintiff does not oppose the enforcement of the arbitration clause as to NAR, nor does she contend that there has been an intervening change of law, that evidence not previously available is now available, or that the Order was premised on clear errors of law and fact. Rather, she challenges the Court's decision to compel arbitration as to FSKS "because FSKS did not move to compel arbitration or join NAR's Motion." (Pl. Motion at 2-3, ECF No. 31). Plaintiff argues that she "would be prejudiced by being compelled to arbitrate her claims against FSKS because Plaintiff was not afforded the opportunity to address the issue." (*Id.* at 3). Alternatively, she requests clarification that the Order is not applicable to FSKS. (*Id.* at 1). Plaintiff also appears to request that the Court lift its stay on the matter because FSKS did not move to compel arbitration, arguing that the case against FSKS should proceed while the arbitration with NAR is ongoing. (*Id.*).

For the avoidance of doubt, the Court confirms that its Order compelling arbitration of Plaintiff's claims against NAR applies only to Plaintiff's claims against NAR. The Court clarifies that no party previously raised the issue of whether Plaintiff is obligated to arbitrate with FSKS. Thus, there is nothing for the Court to reconsider with regard to that issue. Nonetheless, Plaintiff does not meet the requirements for a motion for reconsideration regarding the Court's decision to stay the matter pending resolution of the arbitration proceedings between Plaintiff and NAR. There has been no change in the controlling law, no issue with the availability of new evidence, and no clear error of law and fact to be corrected to prevent manifest injustice. The Court has inherent authority and broad latitude to stay actions pending arbitration "and it is appropriate to do so when it is in the interest of judicial economy." *Marinelli v. Citibank, N.A.*, No. 22-cv-7023

(ES), 2023 WL 6558498, at *2 (D.N.J. July 25, 2023) (citations omitted). It is also appropriate to stay an action pending arbitration "when there is a significant overlap of issues between the claim subject to arbitration and the claim before the court." *Id.* The Court agrees with NAR that "it makes little sense to have the instant lawsuit against FSKS – a case involving identical facts and issues – proceed at the same time as Plaintiff's arbitration … against NAR." (NAR Opp. at 3, ECF No. 35).

Accordingly, this case shall remain stayed pending resolution of the arbitration proceedings between Plaintiff and NAR. Because the Court has denied Plaintiff's motion for reconsideration as described herein, it currently takes no position regarding the merits of (a) Plaintiff's argument that she is not compelled to arbitrate her claims against FSKS; and (b) FSKS' opposing argument that the claims against it should be arbitrated to avoid the risk of inconsistent results which could occur if one claim against NAR is arbitrated and the other tried in court. (FSKS Opp. at 2, ECF No. 36).

Notably, both Plaintiff and FSKS have raised the issue as to whether the existing arbitration agreement also requires arbitration as to Plaintiff's claims against FSKS. Specifically, Plaintiff argues she "was not afforded the opportunity to explain why arbitration is not applicable to FSKS," (Pl. Motion at 1, ECF No. 32), while FSKS submits that "Plaintiff's underlying customer agreement with Merrick Bank that mandates arbitration of disputes applies not only to disputes with NAR, the current owner of Plaintiff's account, but also to agents such as [FSKS]." (FSKS Opp. at 2, ECF No. 36). In the interest of justice and judicial efficiency, for the sake of avoiding inconsistent results, and in order to establish an adequate record for the Court to make a decision regarding the arbitrability of Plaintiff's claims against FSKS, the Court will direct the parties to

submit additional briefing on the issue. As instructed in the accompanying order, FSKS shall file any motion to compel arbitration on or before March 31, 2025.

## V.     CONCLUSION

Plaintiff has not identified a change in controlling law regarding motions to compel arbitration or stay a case while arbitration is proceeding, uncovered new evidence, or shown that reconsideration is necessary to prevent manifest injustice. *ABS Brokerage*, 2010 WL 3257992, at *6. Rather, Plaintiff disagrees with the Court's decision to stay the matter pending resolution of the arbitration proceedings between Plaintiff and NAR. This does not meet the "high burden" necessary to justify reconsideration. *Id.* at *5-6. Accordingly, Plaintiff's motion for reconsideration is resolved as set forth in the accompanying order. This decision is without prejudice for any party to seek relief from the stay for good cause shown. An appropriate order follows.

**Dated: February 25, 2025**

*s/ Cathy L. Waldor*
**Hon. Cathy L. Waldor, U.S.M.J.**

cc:  Hon. Michael E. Farbiarz, U.S.D.J.